NUMBER 13-09-00675-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

ROLAND MIGUEL GUZMAN, Appellant,


v.

 

THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court

of San Patricio County, Texas.

 


 MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Yañez and Garza


 Memorandum Opinion by Justice Garza
 

 On March 13, 2009, appellant Roland Miguel Guzman was indicted on one count
of evading arrest or detention, a state-jail felony. See Tex. Penal Code Ann. § 38.04(a),
(b)(1)(A) (Vernon Supp. 2009). Pursuant to the terms of a plea agreement, Guzman
pleaded guilty to the offense and was placed on deferred adjudication community
supervision for a period of four years. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a)
(Vernon Supp. 2009). On October 19, 2009, the State filed a motion to revoke Guzman's
community supervision, alleging that Guzman had committed seven different violations of
the terms of his community supervision. (1)
 Guzman pleaded "true" to all seven of the
allegations. He was then adjudicated guilty of the underlying offense and sentenced to two
years' confinement in the State Jail Division of the Texas Department of Criminal Justice. 
The trial court certified Guzman's right to appeal, and this appeal followed. We affirm.

I. Anders Brief

 Guzman's court-appointed appellate counsel has filed a motion to withdraw and a
brief in support thereof in which he states that he has diligently reviewed the entire record
and that "[t]here are no arguable points of error, fundamental or otherwise, upon which
[Guzman] could obtain relief from the conviction in the trial court . . . ." See Anders v.
California, 386 U.S. 738, 744 (1967). Counsel's brief therefore meets the requirements of
Anders as it presents a professional evaluation showing why there are no arguable
grounds for advancing an appeal. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex.
Crim. App. 2008); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en
banc).

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), counsel has carefully discussed why, under controlling authority, there are no errors
in the trial court's judgment. Counsel has informed this Court that he has: (1) examined
the record and has found no arguable grounds to advance on appeal, (2) served a copy
of the brief and motion to withdraw on Guzman, and (3) informed Guzman of his right to
review the record and to file a pro se response. (2) See Anders, 386 U.S. at 744; Stafford,
813 S.W.2d at 510 n.3. More than an adequate time has passed, and no pro se response
has been filed.

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the record and find that the appeal is wholly frivolous
and without merit. See Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005)
("Due to the nature of Anders briefs, by indicating in the opinion it considered the issues
raised in the brief and reviewed the record for reversible error but found none, the court of
appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); Stafford, 813
S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, Guzman's counsel has filed a motion to withdraw. See
Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery
v. State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas 1995, no writ.) ("If an attorney
believes the appeal is frivolous, he must withdraw from representing the appellant. To
withdraw from representation, the appointed attorney must file a motion to withdraw
accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations
omitted)). We grant the motion to withdraw.

 We further order that counsel must, within five days of the date of this opinion, send
a copy of the opinion and judgment to Guzman and advise him of his right to file a petition
for discretionary review. (3) See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d
at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


 ________________________

 DORI CONTRERAS GARZA

 Justice 

Do not publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the 

12th day of August, 2010. 


 
1. The State's initial motion to revoke alleged that Guzman violated eight terms of his community
supervision. However, the State abandoned one of the terms at the hearing on the motion to revoke.

2. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
3. No substitute counsel will be appointed. Should Guzman wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3, 68.7. Any petition for
discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.